Donna D. Domonkos #5-2981
Brittany Thorpe #7-6490
Domonkos Law Office, LLC
1914 Logan Avenue
Cheyenne, WY 82001
(307) 426-5015
(307) 426-5017 (fax)
ddomon@domonkoslawwyoming.com
brittany@domonkoslawwyoming.com
Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 SEP 16  PM 2: 18

MARGARET BOTKINS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **NICOLE DANIELS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | Case No. 21cv173-S |
| ) | |
| **LIFE INSURANCE COMPANY OF** ) | |
| **NORTH AMERICA, A CIGNA** ) | |
| **CORPORATION SUBSIDIARY,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorneys, Donna D. Domonkos and

Brittany Thorpe of Domonkos Law Office, LLC, and for her claims for relief state as

follows:

1

## PARTIES TO THE ACTION

1. Plaintiff Nicole Daniels [hereinafter Plaintiff] is a resident of Wyoming. At all times relevant to the allegations set forth in this Complaint, Plaintiff was employed as a Heavy Equipment Operator for Arch Coal, Inc. in Wright, Wyoming. Arch Coal, Inc. carried a group employee insurance plan named Arch Resources, Inc. At all times relevant to the allegations made in this Complaint, Plaintiff was an Arch Resources, Inc., plan participant and insured under said plan [hereinafter Plan].

2. The Plan is underwritten by Life Insurance Company of North America, a subsidiary corporation of Cigna Corporation. To the best of Plaintiff's knowledge, Life Insurance Company of North America [hereinafter LINA] is licensed to transact the business of insurance in the State of Wyoming.

## JURISDICTION AND VENUE

3. All claims for relief set forth in the Plaintiff's Complaint are governed by the terms and provisions of the Employers Retirement and Income Security Act of 1974 (ERISA). This action is brought pursuant to 29 U.S.C. § 1132(a)(l)(B). The Court has jurisdiction over the claims asserted by the Plaintiff in this action pursuant to 29 U.S.C. §1132(e)(l).

4. Because the Plan was administered in this district and the breach of that plan occurred in this district, venue in this Court is proper under 29 U.S.C. § 1132(e)(2).

2

## STANDARD OF REVIEW AND EXHAUSTION OF REMEDIES

5.  Under the terms of the Plan, the plan administrator, Arch Coal, Inc., delegated to LINA, the insurance company, discretionary authority to determine eligibility for benefits, construe the terms of the applicable component plan and resolve all questions relating to claims for benefits under the Plan.  This language may be sufficient to create an arbitrary and capricious standard of review of LINA's claim decision in this case.

6.  If an arbitrary and capricious standard of review is found to be applicable, LINA is a conflicted fiduciary under the facts and circumstances of this case because it serves as the claim administrator of the Plan with authority to deny claims, but also stands to benefit from the claim decisions it makes. Without further information regarding the independence of the doctor who did the "independent review," LINA has not proven the conflict of interest does not still exist. That conflict, therefore, must be considered as a factor in whether the Plaintiff's denial of benefits was arbitrary and capricious and reduces any deference that may be otherwise accorded to a claim decision under an arbitrary and capricious standard of review.

7.  LINA denied the Plaintiff's claim for long term disability  benefits effective June 20, 2020. The Plaintiff appealed that decision.

8.  On September 24, 2020, LINA affirmed the original decision to deny benefits. Thus, Plaintiff has exhausted her administrative remedies under the Plan.

## STATEMENT OF FACTS

9.  Plaintiff hurt her knee when a dog ran into her on March 13, 2016.  Plaintiff received treatment including physical therapy and was able to return to work.  In January of 2017, the

3

Plaintiff was working for Arch Coal, Inc. in Wright, Wyoming.  The Plaintiff was a heavy equipment operator making $26.45 per hour.

10.  On January 24, 2017, the Plaintiff was descending from her truck to get gas.  The ground was very icy and Plaintiff fell on her previously injured right knee.  The Plaintiff was in severe pain and sought treatment.  Plaintiff's knee cap had a hairline fracture. An MRI did not find evidence of structural abnormality.

11.  Plaintiff was prescribed physical therapy. Plaintiff went to physical therapy, but did not achieve very much pain relief.  Plaintiff was prescribed gabapentin which did not provide relief.  An ultrasound guided right saphenous nerve block was administered on April 25, 2018, but it did not provide pain relief.  Other attempts to decrease the pain included a lumbar sympathetic block, ketamine infusion, biofeedback, physiologic self-regulation, and a spinal cord stimulator trial.  Plaintiff was still unable to get relief from the pain.

12.  Plaintiff was referred to Dr. Winter who specializes in pain management.  Dr. Winter diagnosed the Plaintiff with Complex Regional Pain Syndrome.  Plaintiff has been treating, and continues to be treated, with Dr. Winter and psychiatrist, Dr. Bjornson, to try to help the Plaintiff deal with her pain.

13. At this point, Plaintiff was approved for long term disability under the following Plan language:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1.  unable to perform the material and substantial duties of his or her Regular Occupation; and

2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

14. Plaintiff was found to be disabled and was approved for Social Security benefits on January 24, 2017. Plaintiff continues to receive Social Security benefits because of her disability.

15. After getting the benefits described in paragraph twelve for 24 months, Plaintiff was informed she had to reapply for long term disability for benefits past the 24 months.

16. Plaintiff applied for the long-term disability benefits under the following Plan language:

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

1. unable to perform the material and substantial duties of any occupation for which he or she is, or becomes qualified based on education, training or experience; and

2. unable to earn 60% or more of his or her Indexed Earnings.

17. Plaintiff was able to provide a letter dated June 19, 2020, from her treating physician, Dr. Winter, stating the Plaintiff was not able "to work a normal job[.]" because of her inability to sit or stand for a prolonged period of time and can only do so for less than thirty minutes. Plaintiff is also unable to lift anything over fifteen pounds because of her chronic knee pain.

18. Plaintiff's pain is not limited to movement. Plaintiff also experiences pain when she is touched, her leg is bumped or she bounces on a bumpy road. The pain affects every aspect of her life. Plaintiff has trouble going to sleep and staying asleep because of the pain.

Plaintiff is unable to attend her children's sports activities if attendance requires sitting in bleachers. Plaintiff has been unable to visit her mother very often because her mother lives on a dirt road and the bumps in the road cause Plaintiff pain.

19.  Plaintiff was a very active person before her injury and subsequent Complex Regional Pain Syndrome.  Now, Plaintiff is unable to enjoy going on a walk, hiking, 4-wheeling, bike riding and other outdoor activities she was capable of doing before the injury.

20.  Plaintiff was informed on June 18, 2020 she was being denied long term disability past June 20, 2020. The decision acknowledged Plaintiff was still in pain, but did not believe the pain prevented her from performing a light duty occupation.  The light duty occupation description LINA relied upon for its denial is Utility-Tractor Operator – DOT Code #850.683-046 – Light. Based on this occupation description LINA declined long term disability because Plaintiff was not excluded from "any" occupation.  LINA did not mention in their determination whether a Utility-Tractor Operator made 60% of Plaintiff's Indexed Earnings.

21.  Plaintiff appealed this decision and provided the letter from Dr. Winter stating Plaintiff could not perform a normal job along with other information.

22.  On September 24, 2020, LINA affirmed its earlier decision denying long term disability benefits again relying upon its assessment Plaintiff could perform a light duty occupation of Utility-Tractor Operator.  Again, LINA did not provide analysis on whether Plaintiff could make 60% of her previous Indexed Earnings.

## CLAIM FOR RELIEF PURSUANT
## TO 29 U.S.C. 1132(A)(I)(B)

23. Plaintiff re-alleges all facts set forth elsewhere in her Complaint as if fully set forth in her Claim for Relief and further alleges and states as follows:

24. At all times material to the facts alleged in this Complaint, the Arch Resources, Inc., long term disability plan was subject to and governed by ERISA.

25. Plaintiffs Claim for Relief is asserted under the provisions of 29 U.S.C. § 1132(a)(l)(B), which empowers the beneficiaries of an employee benefit plan, such as the Plaintiff, to recover benefits due under the terms of the plan and to enforce their right under the terms thereof.

26. If the standard of review in this action is one requiring an arbitrary and capricious claim decision, Plaintiff is entitled to recover past and future due benefits under the terms of the Plan because LINA acted arbitrarily and capriciously in denying Plaintiffs long term disability benefits. The arbitrary and capricious denial of benefits occurred in numerous ways, including, but not limited to, the following:

a. It was arbitrary and capricious to deny long-term disability benefits when the Plaintiff has been certified by her treating physician to be incapable of working a normal job.

b. It was arbitrary and capricious to deny long-term disability benefits because a Utility-Tractor Operator occupation cannot be performed by the Plaintiff with her Complex Regional Pain Syndrome.

c. It was arbitrary and capricious to deny long-term disability benefits when LINA did

not provide any evidence it analyzed whether a Utility-Tractor Operator with the Plaintiff's limitations can earn 60% of Plaintiff's Indexed Earnings as required by the Plan.

d. It was arbitrary and capricious to deny long-term disability benefits when LINA did not provide any evidence there was employment available for a Utility-Tractor Operator who can earn 60% of Plaintiff's Indexed Earnings in Campbell County, Wyoming.

e. As a fiduciary charged with acting solely in the interests of the Plaintiff, LINA was required to gather and evaluate evidence in support of Plaintiff's claim to the same degree and extent that it was required to gather and evaluate evidence to support a denial of benefits. Yet LINA failed to gather and evaluate evidence that may support Plaintiff's claim and only sought evidence to deny the claim.

f. In accordance with the information received at this point, Plaintiff's disability benefits were denied by a plan fiduciary that acted under an inherent conflict of interest.

g. Plaintiff reserves the right to rely upon additional evidence of arbitrary and capricious conduct as it may be disclosed by LINA's administrative record.

For all the above reasons, and others that may appear from the administrative record, LINA's decision to deny Plaintiffs claim for long-term disability benefits was arbitrary and capricious.

**THIS PORTION OF THE DOCUMENT IS LEFT BLANK**

**INTENTIONALLY**

8

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment under her Claim for Relief against LINA for all past due and future benefits under the Arch Resources, Inc., Plan, all prejudgment interest as provided by law, attorney's fees as provided by 29 U.S.C. § 1132(g)(l), costs as provided by law, and all other damages, remedies and forms of relief allowable under 29 U.S.C. § 1001 *et. seq.*

Dated this 16th day of September, 2021.

Respectfully submitted,
Nicole Daniels, Plaintiff

Donna D. Domonkos #5-2981

Brittany Thorpe #7-6490

DOMONKOS LAW OFFICE, LLC
1914 Logan Avenue
Cheyenne, Wyoming 82001
(307)426-5015
Attorneys for Plaintiff